[Civ. No. 6147.  First Appellate District, Division Two.—March 26, 1928.]

CLARE HUTCHINGS, Appellant, v. ADDA M. POST, Respondent.

Alfred J. Smallberg for Appellant.

Tanner, Odell & Taft for Respondent.

NOURSE, J.—Plaintiff sued to foreclose a mechanic's lien for labor and materials. The defendant answered and set up a counterclaim for damages for failure to complete the work according to the written contract. Before the action came to trial plaintiff commenced an independent action upon a promissory note which had been given by defendant as part payment on the contract. To the complaint in this action the defendant also set up a counterclaim and asked that the note be canceled. During the progress of the trial of the first action the parties stipulated that the two might be tried at the same time and upon the same evidence. This was done and separate findings and judgments were entered. In the first action the trial court found that because of plaintiff's failure to complete the contract in accordance with its terms defendant was entitled to judgment for $128.33. In the second action judgment went for the defendant for costs. The plaintiff has appealed from both judgments upon a single notice of appeal and presents the appeal on a typewritten transcript.

Nothing is to be gained by stating the facts of the case other than to say that the trial involved an accounting between the parties as to payments due and offsets claimed because of imperfections in the work performed. The plaintiff was his own witness and the defendant at great length told wherein she believed the plans and specifications had not been followed. ■ The trial court chose to accept her views and that ends the controversy. There is some merit in plaintiff's criticism of the rulings of the trial court which kept the burden of proof always on the plaintiff, but we have not found that these rulings prevented the plaintiff from making proof of any fact material to his cause.

■ The work upon the building stopped in October, 1923, and the defendant then took possession. In April, 1924, she filed her answer in the first action in which she claimed an offset of $216 on account of work undone. In July, 1925, she filed her answer in the second action in which she made claim for $446 on the same account. It is now argued that defendant was bound by the first pleading and that the trial court erred in allowing her an offset in the full sum of $446. The actions were not consolidated for trial but were merely tried at the same time upon separate

pleadings. In the first action damages were claimed for the delay and the judgment was well within the sum prayed for.

We find no error in the allowance of a credit to the defendant for her payments of the item to the Diest Company or of the fees for blue-prints, or the cost of repair to the roof of the garage.

Judgments affirmed.

Koford, P. J., and Sturtevant, J., concurred.